UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CRAIG TRAPP,

        Plaintiff,

v.                                        Case No. 3:23-cv-406-BJD-PDB

SHERIFF COOKS, et al.,

        Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Craig Trapp, a former pretrial detainee, initiated this action *pro se* by filing a complaint for the violation of civil rights (Doc. 1; Compl.) and a motion to proceed *in forma pauperis* (Doc. 2). Plaintiff names three Defendants: the Clay County sheriff (Cooks); the Clay County jail director (Bucci); and a jail physician (Dr. Martin). *See* Compl. at 2-3. He alleges Sheriff Cooks failed to "oversee [the] jail director[]," Director Bucci in turn failed to "properly oversee" Dr. Martin, and Dr. Martin provided inadequate medical care by prescribing the wrong medication. *Id.* at 4. He seeks compensatory damages and to be examined by an "outside doctor/hospital." *Id.* at 5-6.[1]

---

[1] Regardless of the viability of Plaintiff's claims, his request for injunctive relief is moot given he is no longer in custody. *See Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988).

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts apply the same standard. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Iqbal*, 556 U.S. at 678.

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." *See id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. 42 U.S.C. § 1983. A claim for deliberate indifference to a serious illness or injury is cognizable under § 1983 as an Eighth Amendment violation.[2] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). But a prisoner bringing such a claim "has a steep hill to climb." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020). In the prison context, a medical provider is deemed to have been deliberately indifferent, for example, when he or she knows an inmate needs medical care but intentionally refuses to provide that care, *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985), or delays necessary medical care for non-medical reasons, *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

---

[2] As a pretrial detainee when he filed his complaint, Plaintiff's claims technically arise under the Fourteenth Amendment's due process clause. *See Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1306 (11th Cir. 2009). "[U]nder the Supreme Court's current framework, the Fourth Amendment covers arrestees, the Eighth Amendment covers prisoners, and the Fourteenth Amendment covers 'those who exist in the in-between—pretrial detainees.'" *Crocker v. Beatty*, 995 F.3d 1232, 1246 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 845 (2022). However, courts confronted with a claim that state officials were deliberately to a pretrial detainee's serious medical needs analyze the claim using the Eighth Amendment standard. *See Mann*, 588 F.3d at 1306.

3

Negligence is not actionable as deliberate indifference. *Estelle*, 429 U.S. at 105-06. As such, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id.* To state a deliberate indifference claim under the Eighth Amendment, a prisoner-plaintiff must do more than allege the care he received was "subpar or different from what [he] want[ed]." *Keohane*, 952 F.3d at 1277. He must allege the treatment he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Adams*, 61 F.3d at 1544. *See also Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Where a prisoner has received … medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law." (alteration in original)).

Plaintiff's allegations at most suggest negligence, not deliberate indifference. He complains only about the "adequacy of the treatment" provided to him, *see id.*, contending that Dr. Martin prescribed the "wrong medication," *see* Compl. at 4. Accepting as true that Dr. Martin prescribed the wrong medication or negligently treated a medical condition, such conduct does not amount to deliberate indifference under the stringent Eighth Amendment

4

standard. *See Estelle*, 429 U.S. at 105-06. Plaintiff does not allege facts permitting the reasonable inference the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Adams*, 61 F.3d at 1544. For instance, he does not allege that medical providers knew he had a serious medical need but refused to treat him or delayed necessary treatment for non-medical reasons. *See* Compl. at 4-5.

To the extent Plaintiff's claims against Sheriff Cooks and Director Bucci are premised on their roles as supervisors of an employee who allegedly violated his rights (Dr. Martin), his claims fail because he does not state a plausible claim against Dr. Martin. Regardless, however, liability under § 1983 may not be premised on a theory of vicarious liability. *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). To the extent Plaintiff's claims against Sheriff Cooks and Director Bucci are premised on their failure to respond to Plaintiff's grievances to his satisfaction, he fails to state a plausible claim for relief against them. A jail official cannot be held liable under § 1983 merely for responding to or denying a grievance. *Jones v. Eckloff*, No. 2:12-cv-375-Ftm-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) (citing *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)).

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of June 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:   Craig Trapp